992

C. V. HILL & CO., Inc. v. ROYAL STORE
EQUIPMENT DISTRIBUTORS OF
CINCINNATI, OHIO et al.

Civ. No. 1619.

United States District Court.
S. D. Ohio, W. D.

Nov. 9, 1949.

Allen & Allen and Theodore Greve, Cincinnati, Ohio, for C. V. Hill & Co., Inc., plaintiff.

Wood, Arey, Herron, & Evans, Cincinnati, Ohio, for defendant and defendant counterclaimant.

Lewis E. Lyon, Los Angeles, Cal., for defendant counterclaimant, Weber Showcase & Fixture Co., Inc.

DRUFFEL, District Judge.

The Court makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. The jurisdiction of this Court is based on the patent laws of the United States.

The Court has jurisdiction over the parties and of the subject matter.

This action as to Royal Store Equipment Distributors, one of the original defendants, was dismissed on stipulation of the parties.

2. Plaintiff, C. V. Hill & Company, Inc., a New Jersey Corporation, based its complaint upon the following Letters Patent of which it is the grantee:

(a) No. 2,382,937, dated August 14, 1945, issued to J. R. Caulk, Jr., et al., on application filed November 28, 1941, entitled "Open Refrigerated Display Case." Prior to the issuance of Patent No. 2,382,937, the application for that patent was assigned to plaintiff, C. V. Hill & Company, Inc. and the said patent was granted to C. V. Hill & Company, Inc. pursuant to said assignment.

(b) No. D-132,475 and No. D-144,380, dated May 19, 1942 and April 9, 1946, respectively, for Designs for "Self-Service Display Case."

Defendant, Weber Showcase & Fixture Company, Inc., a Delaware Corporation, is the assignee of United States Letters Patent No. 2,083,442, on which its counterclaim herein is based. The said Letters Patent are dated June 8, 1937, were issued on application of Levi C. Gardner, filed November 30, 1936, and entitled "Humidifying Display Cabinet." The said patent, together with the right to sue and recover profits and damages for past infringement thereof, was assigned by the patentee, Levi C. Gardner, to counterclaimant, Weber Showcase & Fixture Co., Inc., prior to the filing of its counterclaim in this action.

3. The structures herein identified were manufactured and sold by the respective parties prior to the filing of the complaint herein and within the period of six years preceding the filing of the complaint and of the counterclaim, respectively, as follows:

(a) By Weber Showcase & Fixture Co., Inc., Open Top Refrigerated Cases exem-

plified by Fig. 9 of Exhibit T-T and by Exhibits 7, 8, 9, 10, 11, and 12.

(b) By C. V. Hill & Company, Inc., Open Top Refrigerated Showcases exemplified by Exhibits 4, 5, and 6, and shown in Defendant's Exhibits T-JJ, T-LL, and T-T.

4. The Caulk, Jr. et al. patent No. 2,382,937 discloses and claims an open top self-service refrigerated showcase, and plaintiff contended before this Court that that structure was characterized by the location of the refrigerating coil in a position elevated above the display space and where the coil is located behind a baffle or curtain wall which extends down below the level of the upper edge of the front wall of the display space. Plaintiff further contended that the structure of the Caulk, Jr. et al. patent is characterized by the essential feature that the said baffle or curtain wall is inclined rearwardly (i. e., so that its lower edge is farther to the rear than is its upper edge). Plaintiff further contended that this structure provided a choke which affects the flow of air from the display space to the coil. Plaintiff further contended that the second baffle behind the first, likewise inclined rearwardly, extends beneath the coil and thus reduces, funnel-fashion, the area of the passageway through which must pass the chilled air descending from the coil. Plaintiff maintained that the very essence of the Caulk, Jr. et al. invention lies in the rearward inclination of the two baffles.

The Court finds the Caulk Jr. et al. patent is silent with respect to any such choke effect or funnel-fashion air flow, and states in reference to the rear baffle 31 (P 2, Col 1, LL 17–19) that the same "serves primarily as a drip catcher to divert the drip to the rear of the case, away from the merchandise." Continuing, the patent further states (P 2, Col 1, LL 19–20) "The apparatus will function without the rear baffle". The Court finds that the rearward inclination of the baffles affects a change in air flow only in degree and produces no new or different result.

In plaintiff's three-tier case shown in defendant's Exhibit T-JJ and in plaintiff's Exhibit 32, which was currently manufactured and sold at and prior to the trial of this case, the rear baffles on the middle and lowest tier were positioned vertically and were not rearwardly inclined.

■ The Court finds that the Caulk Jr. et al. patent is invalid for lack of invention over and in view of the art prior to the Caulk Jr. et al. patent, and specifically:

(a) The patents to Gardner No. 2,083,-442; Loblaw Patent No. 1,563,577, Exhibit T-L; and Longstreth No. 1,967,058, Exhibit T-I.

(b) The open top refrigerated showcases built by Gardner and put into use in Miami, Florida prior to November 2, 1936, and more particularly the showcases referred to as the "Shorty" Taylor cases shown at Figure 5 of Exhibit T-T and in the recorded drawing, Exhibit T-O.

(c) The open top refrigerated showcases built and used in Buffalo, New York by Loblaw Groceterias in 1932 as exemplified by defendant's Exhibits T-AA and T-BB.

■ 5. That plaintiff has not sustained its burden of proof of infringement of the design patents No. D-132,475 and D-144,-380, and therefore, the Court finds, without passing upon their validity that said design patents have not been infringed by defendant.

6. The Gardner Patent No. 2,083,442 discloses an open-top self-service refrigerated showcase in which defendant contends that there was disclosed for the first time a front baffle sloping downwardly from the top extending into the display space below the level of the front wall and a rear baffle extending to a level below that of the lowest portion of the front baffle, the rear baffle being positioned between the refrigerating unit and the front baffle and the two baffles coacting in forming a flue to continuously circulate cold air from the unit upwardly from the bin and to the top of the unit.

■ The Court finds that claim 1 of the Gardner patent in suit is invalid for lack of invention over the prior art, and specifically the following:

(a) The Loblaw Patent No. 1,563,577, Exhibit T-L and the Longstreth Patent No. 1,967,058.

994

(b) The open-top refrigerating showcases built and used in Buffalo, New York by Loblaw Groceterias in 1932 as exemplified by Defendant's Exhibit T-AA and T-BB.

The Loblaw patent discloses a flue-type structure and the structure of said patent is improperly classified as a "non-flue" type of structure on Defendant's Exhibit T-T.

7. The screen 10 of the Loblaw patent serves the same purpose as the damper of Gardner or the baffle of Caulk, Jr. et al.

### Conclusions of Law.

(1) The Caulk, Jr., et al. Patent No. 2,382,937 and each of the claims thereof is invalid and void.

(2) Design Patent No. D-132,475 has not been infringed.

(3) Design Patent No. D-144,380 has not been infringed.

(4) Claim 1 of Gardner Patent is invalid and void.

(5) That the complaint of C. V. Hill & Company be dismissed.

(6) That the counterclaim of Weber Showcase & Fixture Co., Inc. be dismissed.

(7) That each of the parties hereto shall bear its own costs.